

RECEIVED
DB
1/19/2022
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

22cv317
Judge Dow
Magistrate Judge McShain
RANDOM

|  |  |
|---|---|
| JORGE ALEJANDRO ROJAS, | |
| *Plaintiff,* | Case No. _____ |
| vs. | |
| BLUEBIT CORP., | **COMPLAINT FOR DAMAGES** |
| *Defendant.* | |

Plaintiff, Jorge Alejandro Rojas, ("Plaintiff") brings this action against Defendant Bluebit Corp. ("Defendant"), and alleges based on personal knowledge, and on information and belief, as follows:

### INTRODUCTION

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the "TCPA", generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. Plaintiff brings this action against Defendant for violations of the TCPA, 47 U.S.C. § 227, its regulations, 47 C.F.R § 64.1200, the Illinois Telephone Solicitations Act ("ILTSA"), 815 ILCS 413, and the Illinois Automatic Telephone Dialers Act, 815 ILCS 305.

3. This case involves a campaign by Bluebit Corporation ("Bluebit") to obtain business for other entities via making telemarketing calls, despite not having the required consent to contact Plaintiff.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331.

5. This Court has personal jurisdiction over Defendant as it regularly and systemically conducts business in the state of Illinois. Specifically, Bluebit markets for entities that have numerous locations in the state. The wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District. Plaintiff provided Defendant with his Bolingbrook, IL credit card billing address for the purposes of the transaction at issue in this case, and lived in Bolingbrook, IL at the time of the call.

6. This Court has supplemental jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

8. Plaintiff Jorge Alejandro Rojas is a natural person residing in Bolingbrook, IL 60440, and is a citizen of the State of Illinois.

9. Defendant Bluebit Corp. is a North Carolina Domestic Corporation with its registered agent located at 9420 Autumn Applause Dr. Charlotte, NC 28277, and the address of its principal executive officers at the same location.

10. Defendant is a person as defined by 47 U.S.C. § 153(39).

11. Defendant acted through its agents, affiliates, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## STATUTORY BACKGROUND

12. The TCPA makes it unlawful to make calls to any cellular or residential line using an artificial or prerecorded voice, without the call recipient's prior express consent. *See* 47 U.S.C. § 227(b); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012)

13. The TCPA provides a private cause of action to persons who receive such calls. *See* 47 U.S.C. § 227(b)(3).

14. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. It ordered that: [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

15. In Illinois, the Automatic Telephone Dialers Act ("ATDA") prohibits "play[ing] a prerecorded message placed by an autodialer without the consent of the called party". 815 ILCS 305/30(b).

16. The TCPA applies to the "initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 U.S.C. § 227(a)(4).

## FACTUAL ALLEGATIONS

17. At all times relevant hereto, Plaintiff maintained and used a residential telephone line, with phone number (424) XXX-1582 ("Plaintiff's/his phone number").

18. Plaintiff's phone number is not associated with a business and is used by Plaintiff solely.

19. Plaintiff is the account holder and customary user of his phone number.

20. Plaintiff registered his phone number on the Federal Do Not Call Registry on or around January 18, 2008. **Exhibit 1.**

21. Plaintiff registered his phone number on the Do Not Call list in order to obtain solitude from invasive and harassing telemarketing calls. The calls prevented Plaintiff from using his phone for legitimate purposes.

22. Defendant is a company that sells products including television, internet, and phone services for its affiliates or other entities.

23. **Call 1.** On or about August 2, 2021, at about 8:25 PM Chicago time, Plaintiff received a telephone call from 424-800-8285. **Exhibit 2.**

24. The August 2, 2021 telephone call was automated in nature.

25. During the August 2, 2021 call, Plaintiff spoke with a "Daniel," and an "Erick Benson."

26. The August 2, 2021 call was made for the purpose of soliciting Charter Communications Spectrum services.

27. During the August 2, 2021 call, "Daniel" and "Erick Benson" obtained details from Plaintiff and then had him call a different telephone number to sign up for the service.

28. On August 2, 2021, when Plaintiff called the telephone number provided by the August 2, 2021 call, it was a busy dial tone.

29. On August 3, 2021, Plaintiff received a telephone call from 888-420-9327, from "Chris," purportedly returning the call from the day before. **Exhibit 3.**

30. During the August 3, 3021 call, Plaintiff signed up for Charter Spectrum services.

31. Plaintiff subsequently canceled services with Spectrum, after never activating it.

32. During the August 3, 2021 call, the agent on the phone identified working for a company of "Reportes One Click," and identified the website of that company as xyzies.com.

33. XYZIES.com is linked to a company called XYZIes.

34. XYZIES website states that they are in the business of being a Charter affiliate.

35. Plaintiff attempted to resolve the issue concerning the telemarketing calls with XYZIes, but XYZIes refused, using the defense that they were a different entity than the one that called Plaintiff on August 2, 2021. XYZies claimed they were merely calling Plaintiff back after his call, notwithstanding the fact he is on the do not call list.

36. Plaintiff is unaware of a reason why one business or affiliate would redirect a lead or potential customer to call another organization, to have that other organization obtain a sale, and therefore a commission.

37. **Call 2.** Plaintiff received a telephone call from a 424-280-4737 on October 26, 2021, at 7:37 PM Chicago time, from Defendant. **Exhibit 4.**

38. Upon picking up the call, Plaintiff was prompted by an automated voice to press a keypad entry to speak to a representative about Spectrum Charter services.

39. Plaintiff pressed the key entry to speak to a representative.

40. Plaintiff was connected to a "Daniel" who took Plaintiff's information, and then transferred him to a "Jerry" who identified himself as "Daniel's" supervisor.

41. "Jerry" created the account on behalf of Defendant, and Plaintiff received confirmation messages from Spectrum detailing the transactions of the new account.

42. During the October 26, 2021 telephone call, "Jerry" stated that he worked for a Spectrum affiliate, named "Quick Tech."

43. When asked for a website which Quick Tech had, "Jerry" stated that they utilized Spectrum's website and associated portals for all its content, but provided his "direct line" of 720-316-7440, in addition to the Spectrum customer support phone number.

44. The October 26, 2021 telephone call with Daniel and Jerry was made for the purpose of soliciting and selling Spectrum Charter services.

45. Plaintiff has now identified that the entity who called him during the October 26, 2021 telephone call was Bluebit.

46. Plaintiff alleges the August 2021 telephone call was also made by Bluebit. Both calls used similar calling scripts and schemes.

47. Defendant misrepresented its true identity over the phone in a manner so as to attempt to avoid TCPA liability and to avoid being identified.

48. The phone numbers Defendant called from misrepresented their true origination.

49. Plaintiff alleges that Defendant trains its affiliates to avoid divulging too much information to leads and customers in an effort to evade TCPA liability.

50. Defendant's calls to Plaintiff utilized an automatically generated and/or pre-recorded voice.

51. Defendant's phone calls utilized an Automatic Telephone Dialing System (ATDS) without obtaining Plaintiff's prior express written consent.

52. Plaintiff did not have a prior business relationship with the affiliate.

53. Defendant did not have any consent to call Plaintiff.

54. Defendant is not an organization exempt from the TCPA.

55. Defendant's calls to Plaintiff were a "telephone solicitation" as defined by the TCPA.

56. Defendant's calls to Plaintiff were an "unsolicited advertisement" as defined by the TCPA.

57. Plaintiff, at the time of the October 26, 2021 call, was neither a Spectrum subscriber, and even if he was, he was already on the do not call list.

58. Upon information and belief, Plaintiff received additional calls from Defendant and any of its other affiliates not included in the above list.

59. Defendant's made further efforts to conceal their identity by transmitting a deceptive telephone number with a local area telephone codes to Plaintiff's telephone caller identification ("Neighbor Spoofing"). Neighbor Spoofing is done as a way to deceive the called party into believing the telemarketer is a local person or business, increasing the likelihood that the telemarketing call will be answered.

60. Defendant's aforementioned methods of concealment required Plaintiff to go to the extraordinary step of signing up for Spectrum services that Defendant was marketing to identify the source of these unsolicited telemarketing calls.

61. The impersonal and generic nature of Defendant's calls demonstrate that Defendant utilized an Automatic Telephone Dialing System (ATDS) in making the calls.

62. In total, Defendant and/or its affiliates placed at least two (2) calls to Plaintiff.

63.  As a result of the foregoing, Plaintiff experienced frustration, annoyance, irritation and a sense that his privacy has been invaded by Defendant.

64.  Defendant has a pattern and/or practice of failing to comply with the TCPA, the ILTSA, and the Illinois Automatic Telephone Dialers Act.

65.  The foregoing acts and omissions were in violation of the TCPA, the Illinois Telephone Solicitations Act, and the Illinois Automatic Telephone Dialers Act.

66.  Defendant is liable under the TCPA for actually placing the telemarketing calls.

67.  The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the calling has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

68.  As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages of up to $1,500.00 for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

69.  The acts and omissions of Defendant constitute knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227.

70.  Plaintiff is also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

71.  Plaintiff is also entitled to an award of costs.

72.  Defendant's calls were not made for "emergency purposes."

73.  Defendant's calls to Plaintiff were made without any prior express written consent.

74.  Defendant contacted Plaintiff even though Plaintiff was on the Do Not Call Registry.

75. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

76. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

77. As a result of the above violations of the TCPA, Plaintiff has suffered losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

78. Plaintiff will utilize discovery to add additional counts and calls to the extent additional calls were made and/or violations committed.

## **COUNT 1.**
### Violation of the TCPA's Automated Telemarketing Call Provisions, 47 U.S.C. § 227(b)(1)

79. Plaintiff incorporates the foregoing paragraphs as through the same were set forth herein.

80. Defendant or one of its affiliates or vendors called Plaintiff's cellular telephone using an "automatic telephone dialing system" and/or a pre-recorded voice as defined by the TCPA on at least two (2) occasions in violation of 47 U.S.C. § 227(b)(1), without Plaintiff's prior express written consent.

81. Plaintiff was statutorily damaged at least two (2) times under 47 U.S.C. § 227(b)(3)(B) by the Defendant by the telephone calls described above, in the amount of $500.00 for each.

82. Plaintiff was further statutorily damaged because Defendant willfully or knowingly violated the TCPA. Plaintiff requests that the court treble the damage amount as permitted under 47 U.S.C. § 227(b)(3)(C) for these willful or knowing violations.

83. Plaintiff will utilize discovery to add additional counts and calls to the extent additional calls were made and/or violations committed.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendant, in an amount of $3,000.00 plus costs and any other remedy deemed appropriate.

## COUNT 2.
### Initiating A Telephone Solicitation To A Telephone Subscriber Who Has Registered His Number On The Do-Not-Call List At Least 31 Days Prior To The Telephone Call. 47 C.F.R. § 64.1200(C)(2)

84. Plaintiff incorporates the foregoing paragraphs as through the same were set forth herein.

85. Plaintiff's telephone number has been registered on the Federal Do Not Call Registry since at least 30 days prior to the calls described above.

86. Defendant called Plaintiff's telephone at least two (2) times after Plaintiff's telephone had been registered on the Do Not Call Registry for at least 31 days before Defendant's calls, in violation of 47 C.F.R. § 64.1200(c)(2).

87. Plaintiff was statutorily damaged at least two (2) times under 47 U.S.C. § 227(c)(5)(B) by the Defendant by the telephone calls described above, in the amount of $500.00 for each of the two (2) telephone calls.

88. Plaintiff was further statutorily damaged because Defendant willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under 47 U.S.C. § 227(c)(5)(C) for these willful or knowing violations.

89. Plaintiff will utilize discovery to add additional counts and calls to the extent additional calls were made and/or violations committed.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendant, in an amount of $3,000.00 plus costs and any other remedy deemed appropriate.

## COUNT 3.
### Defendant Violated the Illinois Telephone Solicitations Act, 815 ILCS 413

90. Plaintiff incorporates the foregoing paragraphs as through the same were set forth herein.

91. The Illinois Telephone Solicitations Act, inter alia, prohibits the making of a call in a manner which impedes the function of caller ID.

92. The Illinois Telephone Solicitations Act allows for the recovery of three times the actual damages assessed for a violation of the Act.

93. Each call Defendant made impeded the function of caller ID by utilizing a fake or blocked phone number.

94. Plaintiff will utilize discovery to add additional counts and calls to the extent additional calls were made and/or violations committed.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendant, in an amount of three times actual damages plus costs and any other remedy deemed appropriate.

## COUNT 4.
### Violations of the Illinois Automatic Telephone Dialers Act ("ATDA"), 815 ILCS 305/1

95. Plaintiff incorporates the foregoing paragraphs as through the same were set forth herein.

96. The ATDA prohibits "play[ing] a prerecorded message placed by an autodialer without the consent of the called party." 815 ILCS 305/30(b).

97. Defendant did not have the consent of Plaintiff to play a prerecorded message placed by an autodialer.

98. Nonetheless, Defendant or one of its affiliates or vendors

99. The Automatic Telephone Dialers Act, inter alia, prohibits the making of a call in a manner which impedes the function of caller ID.

100. Nonetheless, Defendant or one of its affiliates or vendors did.

101. The ATDA allows for the recovery of statutory damages of $500 per violation.

102. Defendant violated the ATDA each time it called Plaintiff, two times, because it used a fake Caller ID, and it used an auto dialer.

103. Plaintiff will utilize discovery to add additional counts and calls to the extent additional calls were made and/or violations committed.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendant, in an amount of $2,000.00 plus costs and any other remedy deemed appropriate.

## COUNT 5.
### Violation concerning Identification of Sellers and Telemarketers, 47 C.F.R. § 64.1200(d)(4)

104. Plaintiff incorporates the foregoing paragraphs as through the same were set forth herein.

105. The TCPA's implementing regulations require that the caller provide the called party the name of the individual caller, the name of the person or entity on whose behalf the call is made, and a telephone or address where the person may be reached.

106. Defendant violated this provision by providing incorrect information regarding the entity it represents, saying he worked for Quick Tech, instead of Bluebit.

107. Plaintiff was statutorily damaged at least four (2) times under 47 U.S.C. § 227(c)(5)(B) by the Defendant by the telephone calls described above, in the amount of $500.00 for each of the two (2) telephone calls.

108. Plaintiff will utilize discovery to add additional counts and calls to the extent additional calls were made and/or violations committed.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendant, in an amount of $1,000.00 plus costs and any other remedy deemed appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of him and against Defendant, in an amount to be more fully determined at trial, but at least $9,000.00 as permitted by statute, as follows:

A. All actual damages Plaintiff suffered;

B. Statutory damages of $500.00 per call for each and every violation of 47 U.S.C. § 227(b)(3)(B);

C. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(b)(3)(C).

D. Statutory damages of $500.00 per call for each and every violation of 47 U.S.C. § 227(c)(5)(B);

E. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(c)(5)(C).

F. All reasonable attorneys' fees, witness fees, court costs, interest, and other litigation costs incurred by Plaintiff;

G. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

H. Leave to amend this Complaint to conform to the evidence presented at trial; and

I. Any other relief this Court deems proper.

Respectfully submitted,

Dated: January 19, 2022

*/s/ Jorge Alejandro Rojas*

Jorge Alejandro Rojas
557 Cambridge Way
Bolingbrook, IL 60440
Rojas.jorge96@gmail.com
424-219-1582
Plaintiff in *Pro Se*

# **EXHIBIT 1**

# **EXHIBIT 1**

 Gmail

Jorge Rojas <rojas.jorge96@gmail.com>

## National Do Not Call Registry - Your Registration Is Confirmed

**Verify@donotcall.gov** <Verify@donotcall.gov>
To: rojas.jorge96@gmail.com

Fri, Jun 18, 2021 at 12:15 PM

Thank you for registering your phone number with the National Do Not Call Registry. You successfully registered your phone number ending in 1582 on January 18, 2008. Most telemarketers will be required to stop calling you 31 days from your registration date.

Visit https://www.donotcall.gov to register another number or file a complaint against someone violating the Registry.

**************************************************************************************************************************

Please do not reply to this message as it is from an unattended mailbox. Any replies to this email will not be responded to or forwarded. This service is used for outgoing emails only and cannot respond to inquiries.

# EXHIBIT 2

# EXHIBIT 2



# EXHIBIT 3

# EXHIBIT 3



# EXHIBIT 4

# EXHIBIT 4

22:51

‹ Recents

## SL

# Scam Likely

+1 (424) 280-4737
Santa Monica, CA

| 💬 message | 📞 call | 📹 video | ✉️ mail | $ pay |
|---|---|---|---|---|

**Yesterday**

19:37 **Incoming Call**
25 minutes

Share Contact

Create New Contact

Add to Existing Contact

Add to Emergency Contacts

Share My Location

Block this Caller

 Favorites

 Recents

 Contacts

 Keypad

 Voicemail
124